UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MORENO,<br><br>            Plaintiff,<br><br>    v.<br><br>S. PUTNAM, et al.,<br><br>            Defendants. | **CASE No. 1:16-cv-1429- MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Plaintiff's complaint is before the Court for screening.

**I.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

1  (1989).

2  To state a claim under § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated and
4  (2) that the alleged violation was committed by a person acting under the color of state
5  law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d
6  1243, 1245 (9th Cir. 1987).

7  A complaint must contain "a short and plain statement of the claim showing that
8  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations
9  are not required, but "[t]hreadbare recitals of the elements of a cause of action,
10 supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.
11 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
12 Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief
13 that is plausible on its face." Id. Facial plausibility demands more than the mere
14 possibility that a defendant committed misconduct and, while factual allegations are
15 accepted as true, legal conclusions are not. Id. at 677-78.

16 **III.    Plaintiff's Allegations**

17 At all times relevant to this action, Plaintiff was a federal inmate housed at United
18 States Penitentiary in Atwater, California ("USP-Atwater").[1] He names the following
19 USP-Atwater correctional staff as Defendants: Putnam, Liwag, Matevousian, and Hayes.

20 Plaintiff's claims can be summarized essentially as follows:

21 Plaintiff is a former member of the street gang Southern Structure (commonly
22 referred to as "Surenos"). While housed in the Special Housing Unit, Plaintiff received
23 information from multiple sources that his gang intended to kill him if he entered general
24 population.

25 The Bureau of Prisons ("BOP") regulations define Plaintiff as a "protection case"
26 the moment he expresses fear for his safety from his former gang.

27

28 [1] Plaintiff is now housed at United States Penitentiary in Terre Haute, Indiana. See Compl. at 3.

2

BOP has an unwritten practice of charging inmates for violating BOP Discipline Code 306 if they refuse to enter general population based on safety concerns.

When Plaintiff refused to enter general population due to safety concerns, Defendants Matevousian and Hayes refused to verify Plaintiff's protective custody needs. As a result, Defendant Putnam wrote Plaintiff up for a violation of BOP Discipline Code 306 on June 3, 2015; July 2, 2015; and July 23, 2015. Defendant Liwag wrote up Plaintiff on August 3, 2015, for similar reasons.

Plaintiff verbally informed all of these Defendants of his reasons for declining to enter general population but they continued to use the disciplinary process to coerce Plaintiff into general population.

At some point following these incidents, Plaintiff was transferred to USP-Terre Haute, which he identifies as one of three "safe yards" for gang dropouts.

Plaintiff seeks damages and injunctive relief.

**IV.     Analysis**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) is objectively, sufficiently serious, and (2) the official is deliberately indifferent to inmate's health or safety. Farmer, 511 U.S. at 834; Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 522 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff claims the Defendants violated his constitutional rights by refusing to investigate his fears for his safety and by subsequently charging him with disciplinary misconduct for declining to enter general population. Plaintiff does not, however, claim

3

that he suffered any injury as a result of Defendants' conduct. Additionally, Plaintiff is now housed at "safe yard" USP-Atwater and has identified only a vague fear of future harm that does not rise to the level of a substantial risk contemplated by the Eighth Amendment. See Babcock v. White, 102 F.3d 267, 270 (7th Cir. 1996). In Babcock, the Seventh Circuit assessed whether an inmate "who was not assaulted by, and who is no longer at risk from, fellow inmates may nevertheless maintain a Bivens claim for money damages based solely on prison officials' past failure to take measure to protect the prisoner." Id. The Court concluded that "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." Id. at 272. Plaintiff here has only shown a past fear of injury to himself, not a reasonably preventable injury that he has, in fact, suffered or that is likely to occur. Plaintiff has not claimed any other specific injuries. His generalized fear of assault fails to show that he suffered a cognizable injury as a result of the Defendants' conduct.

**V.      Conclusion**

Based on the foregoing, Plaintiff's complaint fails to state a claim. Plaintiff will, however, be granted leave to amend to assert any allegations, if he is able to do so, regarding any injury he has suffered or any specific threat of harm from which the Defendants failed to protect him.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's September 26, 2016, Complaint (ECF No. 1) is dismissed with leave to amend;

2. Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

3. Plaintiff's failure to file an amended complaint within thirty days may result in a recommendation to dismiss this action without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   November 23, 2016          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE