UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MORENO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. PUTNAM, et al.,<br><br>　　　　Defendants. | **CASE No. 1:16-cv-1429- MJS (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER**<br><br>**FOURTEEN-DAY DEADLINE** |

　　Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

　　On November 23, 2016, Plaintiff's complaint was dismissed with leave to amend, and Plaintiff was granted thirty days to file an amended complaint. (ECF No. 6.) That thirty day period has now passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

　　Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

　　District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute,

failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, neither weighs for nor against dismissal since no Defendant has yet to appear in this action. The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing within fourteen days from the date of this Order why this action should not be dismissed

for failure to comply with a court order. Alternatively, Plaintiff may submit an amended complaint.

IT IS SO ORDERED.

Dated: January 3, 2017        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE